| CASE NO. | SUMMONS NO. |
|---|---|
| CV18905309  D1 FX | 36741510 |

Rule 4 (B) Ohio

Rules of Civil Procedure

# SUMMONS

LISA HADDON, ET AL.   **PLAINTIFF**
VS
CITY OF CLEVELAND, ET AL   **DEFENDANT**

CITY OF CLEVELAND
601 LAKESIDE AVE. ROOM 106
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Plantiff's Attorney

RICK L. FERRARA
2077 EAST 4TH STREET

SECOND FLOOR
CLEVELAND, OH 44114-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STEVEN E GALL
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | By _____ |
|---|---|
| Oct 15, 2018 | Deputy |

COMPLAINT FILED 10/12/2018



CMSN130






**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
October 12, 2018 15:59

By: RICK L. FERRARA 0085953

Confirmation Nbr. 1521123

LISA HADDON, ET AL.                    CV 18 905309

vs.
                                       Judge: STEVEN E. GALL
CITY OF CLEVELAND, ET AL

Pages Filed: 15

RECEIVED
OCT 16 2018
City of Cleveland
Department of Law

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| LISA HADDON<br>C/o<br>2077 E. 4th Street, 2nd Floor<br>Cleveland, OH 44114 | )<br>)<br>)<br>) | Case No: |
| DOMINIQUE KING<br>C/o<br>2077 E. 4th Street, 2nd Floor<br>Cleveland, OH 44114 | )<br>)<br>)<br>) | |
| PAMELA HADDON<br>C/o<br>2077 E. 4th Street, 2nd Floor<br>Cleveland, OH 44114 | )<br>)<br>)<br>) | |
| CY RABB<br>C/o<br>2077 E. 4th Street, 2nd Floor<br>Cleveland, OH 44114 | )<br>)<br>)<br>) | |
| Plaintiff,<br>vs. | )<br>) | |
| CITY OF CLEVELAND<br>601 Lakeside Ave., Room 106<br>Cleveland, Ohio 44114 | )<br>)<br>) | **COMPLAINT**<br>(Trial by jury demanded) |
| OBON, Inc.<br>14411 Caine Ave.<br>Cleveland, Ohio 44104 | )<br>)<br>) | |
| Defendant | ) | |

1

## COMPLAINT

Now comes Lisa Haddon, Dominique King, Pamela Haddon, and Cy Rabb (hereinafter "Plaintiffs"), by and through counsel, and for their Complaint states as follows:

1. Plaintiff Lisa Haddon is an individual residing at 7658 Topanga Canyon Blvd., Unit 115, Canoga Park, CA 91304;

2. Plaintiff Pamela Haddon is an individual, sister of Lisa Haddon, and resides in the State of Ohio;

3. Plaintiff Dominique King is an individual, son of Lisa Haddon, and resides in the State of Ohio;

4. Defendant City of Cleveland is the duly organized municipal entity located in Cuyahoga County, Ohio ("Defendant City" or "City");

5. Defendant OBON, Inc. is a company dually registered in the State of Ohio with the Ohio Secretary of State ("Defendant OBON" or "OBON");

6. Plaintiff Lisa Haddon is the title owner of real property located at 156 E. 156th St, Cleveland, OH 44110 ("Real Property") on which was a single family home ("Home");

7. Jurisdiction is appropriate in this Court as it is where the Defendant is located, and is the jurisdiction in which all factual occurrences in the Complaint;

## FACTUAL BACKGROUND

8. Plaintiffs incorporate herein by reference the allegations contained in all other paragraphs of this Complaint as if fully rewritten.

9. This claim is about the City of Cleveland's decision to demolish Plaintiff Lisa Haddon's home and do so without notice to her, thereby destroying all of the personal property that remained in the home in saleable condition. Defendant City did not send notice to Lisa Haddon so that she could fix the problems with the home herself, because it did not send notice until days *after* the home was demolished. The City hired OBON, Inc. to conduct the demolition. Both the City and OBON had notice that the demolition was scheduled for merely two weeks after the property was condemned, rather than thirty days as required by law.

10. Plaintiff suffered partial loss by fire at the Home on or about May 15th, 2017, whereby a substantial portion of the structure, as well as a substantial amount of personal property of each Plaintiff was destroyed;

11. Plaintiffs reorganized and boxed for removal their respective personal property that was not destroyed by the fire and that remained the Home, including clothing, shoes, furniture, and other personal effects ("Remaining Personal Property");

12. The Remaining Personal Property had a cumulative value approximating $70,000;

13. The Home was in good condition, could be repaired given reasonable notice, and did not require condemnation;

14. Defendant City inspected the Property on June 27th, 2017, producing a Notice of Violation of Building and Housing Ordinances ("Notice" / Exhibit 1) that stated the home was damaged and, among other things:

    a. Plaintiff Lisa Haddon may abate the damage within thirty days of the Notice; and/or

    b. Plaintiff Lisa Haddon may appeal the Notice within the thirty days;

15. Defendant City condemned the Home on June 29th, 2017;

16. Defendant City hired OBON, which demolished the Home on July 15th, 2017, prior to thirty days from the date of the Notice;

17. Defendant City did not timely attempt to notify Plaintiff Lisa Haddon via its Notice, because it did not send Notice until July 21st, 2017 by certified mail number 7015-0640-0001-0365-8781 (Exhibit 2, Certified Mail Envelope);

18. Defendant City did not timely reach Plaintiff Lisa Haddon by certified mail prior to the demolition, because Defendant did not achieve delivery of certified delivery 7015-0640-0001-0365-8781 until August 5th, 2017, after the demolition occurred and after right to appeal had already expired;

19. Defendant OBON had access to paperwork and public record from the City to show that the demolition of the Home was unlawful if performed on July 15th, 2017, but performed the demolition on that date anyway;

20. By demolishing the Home, Defendants destroyed, took, or discarded the Remaining Personal Property;

21. Plaintiffs suffered loss of the Remaining Personal Property that was not and has not been covered or compensated for by third parties, and expressly requests relief only for those items not covered by third parties;

22. Plaintiff Lisa Haddon suffered by payment of demolition fees for the unauthorized and unlawful demolition of the Home, approximating $10,000.00;

## COUNT 1
## CONSTITUTIONAL
## DUE PROCESS VIOLATION

23. Plaintiffs incorporate herein by reference the allegations contained in all other paragraphs of this Complaint as if fully rewritten.

24. Each Plaintiff is entitled to Due Process under the Fourteenth Amendment to the United States Constitution and under the Ohio Constitution, such that they receive notice prior to that deprivation and the opportunity to a predeprivation hearing;

25. Constitutional notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections;

26. No Plaintiff was provided notice of the Defendants' intent to demolish the Home, Defendants' actual demolition of the Home, Defendants' destruction of Plaintiffs' property, or Plaintiffs' right to appeal the decisions Defendants made to do so;

27. Defendants acted unlawfully, with malice, extreme recklessness, and wantonly in destroying the Real Personal Property in utterly failing to follow statutory requirements before doing so, including but limited to;

    a. Defendants did not have the appropriate legal rationale or authority for destroying the Home, because the home was not collapsing and had not collapsed;

    b. Defendants commenced demolition of the Home without notice to Plaintiff;

    c. Defendants demolished the Home without waiting the statutory period for appeal or remedy as provided by law, either by actual notice, or by simply waiting for 30 days before commencing demolition;

28. Each Plaintiff was deprived of the opportunity for a hearing;

29. Either notice or a hearing would have allowed Plaintiffs to receive notice from Plaintiff Lisa Haddon, which would allow them all to simply remove their personal property from the home prior to demolition;

30. Each Plaintiffs' constitutional right to due process was offended, directly or indirectly causing the loss the Remaining Personal Property and other costs as stated herein;

31. As a direct and proximate result of Defendant's actions and omissions, Defendant caused Plaintiffs injury in the amount exceeding twenty five thousand dollars ($25,000.00);

## COUNT 2
## TRESPASS

32. Plaintiffs incorporate herein by reference the allegations contained in all other paragraphs of this Complaint as if fully rewritten.

33. Defendants entered the Real Property without permission or legal justification;

34. Defendant knew they should not have entered the Property without permission or legal justification, but did so anyway;

35. Defendants destroyed all Plaintiffs Remaining Personal Property as a result;

36. Defendants acted with malice, willfully and wantonly, in entering the Property and interacting with the Remaining Personal Property;

37. As a direct and proximate result of Defendants' actions and omissions, Defendant caused Plaintiffs injury in the amount exceeding twenty five thousand dollars ($25,000.00);

## COUNT 3
## CONVERSION

38. Plaintiffs incorporate herein by reference the allegations contained in all other paragraphs of this Complaint as if fully rewritten.

39. Defendants destroyed or removed Plaintiffs Remaining Personal Property;

40. Defendants did not have permission to destroy, remove, or take Plaintiffs Remaining Personal Property;

41. Defendants acted unlawfully, with malice, extreme recklessness, and wantonly in destroying, removing, or taking the Remaining Personal Property in utterly failing to follow statutory requirements before doing so;

42. As a direct and proximate result of Defendant's actions and omissions, Defendant caused Plaintiffs injury in the amount exceeding twenty five thousand dollars ($25,000.00);

## COUNT 4
## NEGLIGENCE

43. Plaintiffs incorporate herein by reference the allegations contained in all other paragraphs of this Complaint as if fully rewritten.

44. Defendants had a duty, encoded in law, to act reasonably and by statutory directive when conducting demolition operations;

45. By the forgoing, Defendants breached its duty;

46. Defendants acted unlawfully, with malice, extreme recklessness, and wantonly in destroying the Remaining Personal Property in utterly failing to follow statutory requirements before doing so;

47. As a direct and proximate result of Defendant's actions and omissions, Defendant caused Plaintiffs injury in the amount exceeding twenty five thousand dollars ($25,000.00);

## COUNT 5
## DECLARATORY JUDGMENT

48. Plaintiffs incorporate herein by reference the allegations contained in all other paragraphs of this Complaint as if fully rewritten.

49. Plaintiffs are entitled to a declaration by this Court that, based on the actions and omissions alleged herein:

    a. The Defendants acted without authority of law to demolish the Home;

    b. The Defendants failed in their obligation to provide Due Process of law to Plaintiffs prior to demolition of the Home and Remaining Personal Property;

    c. Defendants caused damages, including but not limited to depriving Plaintiffs, directly or indirectly, of their personal property;

    d. Defendants acted with malice, recklessly, wantonly, and without regard for the rights of Plaintiffs;

    e. Plaintiffs are entitled to recover from the Defendants, jointly and severally

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

A.) A judgment in favor of Plaintiff and against Defendants for damages in excess of twenty five thousand dollars ($25,000.00), including additionally direct, consequential, and incidental damages arising from the acts and omissions alleged in this Complaint;

B.) A judgment in favor of Plaintiff awarding reasonable costs and attorney fees incurred by Plaintiff in connection with this action;

C.) Punitive damages for grossly negligent, malicious, or wanton activity;

A.) Such other relief as this Court deems fair and equitable.

//s// Rick Ferrara

Rick L. Ferrara (0085953)
2077 East 4th Street, 2nd Floor
Cleveland, Ohio 44114
P: (216) 737-8888 / F: (216) 737-9999
Rick@ohiolegalrep.com
*Attorney for Plaintiffs*

## DEMAND FOR A JURY TRIAL

Plaintiff hereby requests a jury trial for the above captioned matter.

//s// Rick Ferrara

_____
Rick L. Ferrara (0085953)
*Attorney for Plaintiffs*

THE CITY OF CLEVELAND
DEPARTMENT OF BUILDING & HOUSING
DIVISION OF CODE ENFORCEMENT
601 LAKESIDE AVE. CLEVELAND, OH 44114

NOTICE OF VIOLATION OF BUILDING AND HOUSING ORDINANCES

WARD: 8      ISSUE DATE: 6/27/2017

CENSUS TRACT: 117201      PPN: 11214028

PROP. ADDRESS: 156 E 156 ST, CLEVELAND, OH 44110      AKA:

---------- RESPONSIBLE PARTY(S) ----------

LISA HADDON
156 E 156th ST.
CLEVELAND, OH 44110

OCCUP./USE: 1DU Single Family Residence      INSPECTION DATE: 06/26/2017

KIND OF STRUCTURE: 2 Sty. Frame      VIOLATION #: V17017248

ZONING DISTRICT:

NUMBER OF DWELLING UNITS:

TYPE OF VIOLATION: Condemnation - Main Structure

THIS NOTICE SHALL BE COMPLIED WITH AND ALL VIOLATIONS CORRECTED BY THE BELOW LISTED "COMPLY DATE".

FAILURE TO COMPLY WITH THIS NOTICE WILL RESULT IN PROSECUTIVE ACTION OR PENALTY AS PROVIDED BY LAW.

***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***

FAILURE TO COMPLY WITH THIS NOTICE SHALL RESULT IN THE DEMOLITION OF THE BUILDING(S). ANY AND ALL COSTS INCURRED BY THE CITY FOR THE DEMOLITION OF THE BUILDING(S) SHALL BE PAID BY THE OWNER(S) OF RECORD. IF THE OWNER(S) FAILS TO PAY FOR THE COSTS WITHIN THIRTY (30) DAYS, LEGAL ACTION SHALL BE INITIATED TO COLLECT THE DEBT.

***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***___***

PLEASE CONTACT THE INSPECTOR UPON RECEIPT OF THIS NOTICE.

RIGHT TO APPEAL

You have the right to appeal this notice. If you wish to appeal, you must file a written appeal within 30-days of the issuance date on this notice. The appeal must be filed at:

Cleveland City Hall
601 Lakeside Avenue, Room 516
Cleveland, Ohio 44114

---

TO CONTACT YOUR INSPECTOR CALL MONDAY THRU FRIDAY.

INSPECTOR: MICHAEL O'CONNELL      PHONE: 216-664-3760

Electronically Filed 10/12/2018 15:59 / / CV 18 905309 / Confirmation Nbr. 1521123 / CLKMG

Page 1 V17017248 - 156 E 156 ST, CLEVELAND, OH 44110

| SEQ NO | COMPLY DATE | NATURE OF VIOLATION | COMMENTS |
|---|---|---|---|
| 1 | 06/27/2017 | 1.0 [3103.09/369.19]: THE DANGEROUS CONDITIONS PRESENTED BY THIS STRUCTURE SHALL BE ABATED DEMOLISHING THE STRUCTURE AND REMOVING ALL DEBRIS FROM THE PREMISES; OR CORRECTING THE VIOLATIONS SET OUT BELOW AFTER ALL REQUISITE PLANS AND SPECIFICATIONS HAVE BEEN SUBMITTED TO THE DEPARTMENT OF BUILDING AND HOUSING, AND ALL REQUISITE PERMITS HAVE BEEN OBTAINED, ALL IN ACCORDANCE WITH THE CODIFIED ORDINANCES OF THE CITY OF CLEVELAND AND WITH THE OHIO BUILDING CODE. PENDING THE CORRECTION OF VIOLATIONS, THIS STRUCTURE MAY BE EFFECTIVELY BOARDED PURSUANT TO THE PROVISIONS OF SECTION 3103.09 (C) OF THE CODIFIED ORDINANCES OF THE CITY OF CLEVELAND, OHIO 1976, PROVIDED A PERMIT TO EFFECTIVELY BOARD IS OBTAINED WITHIN SEVEN (7) DAYS OF RECEIPT OF THIS NOTICE. FAILURE TO ACQUIRE A REHABILITATION PERMIT WITHIN THIRTY (30) DAYS OF THIS ISSUANCE OF A PERMIT TO BOARD SHALL RESULT IN THE STRUCTURE BEING SCHEDULED FOR DEMOLITION. | |
| 2 | 06/27/2017 | 2.2 [3101.10]: FIRE DAMAGED - WALLS - BASE PLATE, STUDS, SIDING. | |
| 3 | 06/27/2017 | 2.3 [3101.10]: FIRE DAMAGED - ROOF - RAFTERS, JOISTS, ROOF DECK. | |
| 4 | 06/27/2017 | 2.4 [3101.10]: FIRE DAMAGED - OPENINGS - DOORS, JAMBS & WINDOW UNITS. | |
| 5 | 06/27/2017 | 2.5 [3101.10]: FIRE DAMAGED - BUILDING EQUIPMENT - ELECTRICAL, PLUMBING, HEATING. | |
| 6 | 06/27/2017 | 2.6 [3101.10]: FIRE DAMAGED - MISCELLANEOUS IN AND AROUND. | |
| 7 | 06/27/2017 | 3.0 [3101.10/3115.13]: MAINTAIN THE STREET PAVEMENT, TREE LAWN, SIDEWALKS AND PREMISES CLEAN OF ALL DIRT, TRASH AND DEBRIS. | |
| 8 | 06/27/2017 | 3103.091 Utility Shut-Off in Vacant and Unsafe Structures<br>(a) Any structure determined by the Director of Building and Housing to be vacant and unsafe as defined in Section 3103.09 and for which utility service, including gas, electric and water, or other utility as identified by the Director of Building and Housing, has not been shut-off poses an immediate risk of harm from explosion, fire, or flooding and is therefore declared to be a nuisance which shall be abated by shut-off of all utility service. | |

TO CONTACT YOUR INSPECTOR CALL MONDAY THRU FRIDAY.

INSPECTOR: MICHAEL O'CONNELL     PHONE: 216-664-3780
Electronically Filed 10/12/2018 15:59 / / CV 18 905309 / Confirmation Nbr. 1521123 / CLKMG

Page 2 V17017248 - 156 E 156 ST, CLEVELAND, OH 44110

| | | |
|---|---|---|
| 9 | 06/27/2017 | 4.0 [3105.01]: SECURE THE REQUIRED PERMIT FROM THE DEPARTMENT OF BUILDING & HOUSING PRIOR TO MAKING REPAIRS. |
| 10 | 06/27/2017 | 5.0 NOTICE OF VIOLATION AND BUILDING ORDINANCES. PURSUANT TO SECTION 3103.09, 367.04, 369.19 AND 369.21 OF THE CODIFIED ORDINANCES OF THE CITY OF CLEVELAND, THE COMMISSIONER OF BUILDING AND HOUSING DOES HEREBY DECLARE THE STRUCTURE KNOWN AS AND LOCATED AT STATED PROPERTY ADDRESS TO BE A PUBLIC NUISANCE IN THAT IT CONSTITUTES AN EMMINENT DANGER AND PERIL TO HUMAN LIFE AND PUBLIC HEALTH, SAFETY AND WELFARE, AND THAT THE AFORESAID CONDITION CONSTITUTES AND EMERGENCY. THEREFORE, YOU ARE HEREBY NOTIFIED THAT THE CITY OF CLEVELAND PURSUANT TO SAID SECTION 3103.09, 367.04, 369.19 AND 369.21 OF THE CODIFIED ORDINANCES WILL SUMMARILY ABATE SAID PUBLIC NUISANCE CREATED AS A RESULT OF SAID EMERGENCY BY DEMOLITION OF THE STRUCTURE IF THE VIOLATIONS LISTED IN THE ATTACHED NOTICE ARE NOT ENTIRELY CORRECTED BY THE DATE SET FORTH IN SAID NOTICE. |

PURSUANT TO SECTION 3103.09, 367.04, 369.19 AND 369.21 OF THE CODIFIED ORDINANCES OF THE CITY OF CLEVELAND, THE DIRECTOR OF BUILDING AND HOUSING DOES HEREBY DECLARE THE STRUCTURE KNOWN AS AND LOCATED AT: 156 E 156 ST, CLEVELAND, OH 44110 TO BE A PUBLIC NUISANCE IN THAT IT CONSTITUTES AN EMMINENT DANGER AND PERIL TO HUMAN LIFE AND PUBLIC HEALTH, SAFETY AND WELFARE, AND THAT THE AFORESAID CONDITION CONSTITUTES AN EMERGENCY. THEREFORE, YOU ARE HEARBY NOTIFIED THAT THE CITY OF CLEVELAND PURSUANT TO SAID SECTION 3103.09, 367.04, 369.19 AND 369.21 OF THE CODIFIED ORDINANCES WILL SUMMARILY ABATE SAID PUBLIC NUISANCE CREATED AS A RESULT OF SAID EMERGENCY BY DEMOLITION OF THE STRUCTURE IF THE VIOLATIONS LISTED IN THE ATTACHED NOTICE ARE NOT ENTIRELY CORRECTED BY SET FORTH IN SAID NOTICE.

_____
DIRECTOR OF BUILDING AND HOUSING

THIS NOTICE WAS PERSONALLY DELIVERED BY THE UNDERSIGNED ON THIS

_____ DAY OF _____ AT _____ O'CLOCK BY LEAVING

WITH _____

TO CONTACT YOUR INSPECTOR CALL MONDAY THRU FRIDAY.

INSPECTOR: MICHAEL O'CONNELL          PHONE: 216-664-3760



Electronically Filed 10/12/2018 15:59 / / CV 18 905309 / Confirmation Nbr. 1521123 / CLKMG