UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA HADDON, ET AL., | ) | CASE NO.1:18CV2574 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Motions for Reconsideration by Defendants City of Cleveland (ECF # 47) and Obon, Inc. (ECF # 46). For the following reasons, the Court grants, in part, the Motions.

### Background Facts

Plaintiffs Lisa Haddon, ("Haddon") titled owner of the subject property, Haddon's son Dominique King, her sister Pamela Haddon and ex-boyfriend Cy Rabb, bring their Complaint against Defendants City of Cleveland and Obon, Inc. for the destruction of Lisa Haddon's house, located at 156 E. 156th Street, Cleveland, Ohio, without adequate notice, causing injury to Plaintiffs. Plaintiffs allege violations of their Due Process rights under the Fourteenth Amendment to the United States and Ohio Constitutions, Trespass, Negligence and Conversion under Ohio law and seek Declaratory Judgment against Defendants.

According to their Complaint, Plaintiffs allege that on or about May 15, 2017, there was a

fire at the subject property, resulting in substantial damage to the structure and loss of personal property of each Plaintiff. Plaintiffs boxed their respective personal property, including clothes, shoes, furniture and other personal effects that were not destroyed in the fire for removal. Plaintiffs allege the personal property totaled approximately $70,000.

Plaintiffs contend that after the fire, the subject property was still sound, could be repaired with reasonable notice and did not require condemnation. However, shortly after the fire, the City of Cleveland conducted an exterior inspection and posted a notice of condemnation on the property door. After failing to contact Haddon after multiple attempts, the City obtained a search warrant to enter the premises for an interior inspection which occurred on June 26, 2017. On June 27, 2017, the City of Cleveland ("The City") issued a Notice of Violation of Building and Housing Ordinances, finding the property was damaged and required Lisa Haddon to abate the damage that same day or the property would be demolished. The Notice instructed Haddon she could appeal within thirty days of the Notice.

On June 29, 2017, the City condemned the subject property and hired Defendant Obon, Inc. to demolish the home. Obon proceeded to demolish the home on July 15, 2017, which was prior to the running of the thirty day appeal time.

Notice was only achieved on Haddon by certified mail on August 5, 2017, after demolition occurred and the appeal and abatement times had run. As a result, Plaintiffs lost the value of their personal property and Haddon incurred costs for the demolition totaling approximately $10,000.00.

**Procedural History**

Plaintiffs originally filed their Complaint with the Cuyahoga County Court of Common

Pleas on October 12, 2018. Defendants removed the case to United States District Court on November 8, 2018, under the District Court's federal question jurisdiction and supplemental jurisdiction over related state law claims. Pamela Haddon was subsequently dismissed without prejudice.

After discovery was complete, Defendants City of Cleveland and Obon, Inc moved for summary judgment. The Court found that Plaintiffs' Due Process claim against the City of Cleveland survived summary judgment because there were genuine issues of fact whether Haddon's home presented a public hazard that required emergency demolition and whether the City of Cleveland failed to provide sufficient pre-demolition notice.

The Court further found that Plaintiffs abandoned their state law tort claims against the City of Cleveland and granted summary judgment for the City on the state law claims.

Regarding Obon's summary judgment motion, Obon relied on its status as an agent of the City of Cleveland but the Court denied its Motion, finding genuine issues of material fact regarding Obon's status as an agent or independent contractor. The Court dismissed Plaintiffs' Due Process claim against Obon.

**The Intervening Sixth Circuit Decision in *Keene***

On May 21, 2021, the Sixth Circuit issued its Opinion in *The Keene Group, Inc. v. City of Cincinnati, et al,* 998 F.3d 306 (6th Cir. 2021). In *Keene,* plaintiff property owner sued the City of Cincinnati along with several employees of the City under § 1983 for violations of her due process rights, right to be free from a warrantless seizure and state law trespass. The district court dismissed the case, holding that the City of Cincinnati did not violate plaintiffs' constitutional rights because its attempts to notice plaintiff of the condemnation action provided

3

her adequate due process. It further held that entry onto the property did not constitute a trespass under Ohio law.

On appeal, the Sixth Circuit first examined what process the state actor must afford a plaintiff before taking property. It held, "due process requires notice reasonably calculated under all circumstances to apprise interested parties of pendency of action before the government may take property." *Id* at 311. It further held that "mere gestures" that are not reasonably calculated to notify plaintiff of the taking do not satisfy due process. "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* quoting *Mullane. v. Cent Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950). Perhaps most relevant to our discussion, the Sixth Circuit held, "actual notice is not required." *Keene,* 998 F.3d at 311 citing *Dusenbery v. United States,* 534 U.S. 161 (2002).

In affirming the dismissal by the district court, the Sixth Circuit relied on certain undisputed facts. First, plaintiff purchased the property with the full knowledge of the condemnation proceedings that resulted in the demolition. Second, despite admitting it knew of the public nuisance action against the property, plaintiff took no action to remediate the property or work with the City on a solution. Third, the City was not required to search all databases available to it in order to locate contact information for plaintiff. See *Jones v. Flowers,* 547 U.S. 220 (2006).

In *Keene*, plaintiff primarily argued that merely sending a certified letter noticing a property owner of a condemnation action that is subsequently returned unclaimed fails to satisfy due process as it does not meet the "desirous of actually informing" standard. Acknowledging that the City knew or should have known that its attempts at notice failed when the certified letter

was returned unclaimed, the Sixth Circuit still held that its notice attempts satisfied due process. Noting that adequate notice for due process purposes "must be reasonably calculated, under all circumstances," the Sixth Circuit found that because plaintiff knew of the pending condemnation proceedings before purchasing the property and failed to take advantage of the opportunity to object, due process was satisfied. It did not matter that plaintiff was not informed of the actual demolition order because it could have objected prior to the order being issued. Condemnation proceedings had begun and this was with the full knowledge of the plaintiff.

Even if plaintiff were entitled to notice of the demolition, the Sixth Circuit held that the City's notice attempts satisfied due process. The Sixth Circuit quoted the Supreme Court in *Jones* for the proposition that posting notice on the property itself is a reasonable followup measure for apprising a property owner of pending proceedings. In fact, the United States Supreme Court in *Jones* expressly held that posting notice on real property is a singularly appropriate and effective way of ensuring that a person is actually apprised of proceedings against him." *Jones*, 547 U.S. at 236. Because the City of Cincinnati sent a certified letter and posted notice on the property in full compliance with the relevant ordinances, they satisfied due process.

Finally, the Sixth Circuit in *Keene* rejected plaintiff's argument that the City should have searched city databases for additional contact information once the certified letter was returned unclaimed. Citing to *Jones*, the Sixth Circuit said such a requirement would place an undue burden on the state than several relatively easy options. The Sixth Circuit agreed with the district court that sending certified mail and posting notice on the property were sufficient to satisfy their due process obligations.

5

**Plaintiffs' Position on Reconsideration**

According to Plaintiffs, the *Keene* opinion changes nothing with regards to the Court's holding in this case. The facts of *Keene* were substantially different than those before the Court. *Keene* did not involve an emergency demolition as does this case. While the City of Cincinnati made numerous attempts to notify the plaintiff of the condemnation action, here the City of Cleveland made very minimal attempts to notify Haddon before demolishing her home.

Moreover, unlike the plaintiff in *Keene*, Haddon disputes that an emergency even existed such that the house had to be demolished. Haddon relied on the Cleveland Fire Department report after the fire which noted that there was no structural damage to the home and she attests that most of her personal belongings survived the fire. Unlike the plaintiff in *Keene* who admitted to having knowledge of the condemnation proceeding prior to demolition, Haddon had no prior knowledge of the condemnation proceeding or order to demolish until after demolition occurred.

Because she didn't reside at the subject property, posting notice at the property was insufficient to apprise her of the pendency of the condemnation action. But the City of Cleveland actually had her California address because they sent her notice at that address five days after demolition occurred. There was no need to search obscure records because Haddon had provided her current address to the Cleveland Fire Department, which included it in their Report.

Lastly, unlike the facts in *Keene* where the process of notice to demolition took ten months, in this case, demolition occurred just nineteen days after the order to demolish and only thirty days from the date of the original inspection. Under these facts, *Keene* is not relevant and

the Court should not reconsider its prior order.

**City of Cleveland's Reconsideration Arguments**

According to Defendant City of Cleveland, the Sixth Circuit's holding in *Keene* militates in favor of summary judgment on Plaintiffs' Due Process claim. Like the plaintiff in *Keene*, Haddon had actual notice and/or knowledge that the City of Cleveland had begun condemnation and violation process on her house more than thirty days prior to the July 15, 2017 demolition as Haddon's sister scanned and electronically sent her the condemnation paperwork that was posted to the property on May 17, 2017. Moreover, the City's condemnation process for the property was posted on the City's publicly available Citizen Action Site on May 18, 2017. Haddon failed to act within thirty days as required by C.C.O. § 3103.20(e) similar to the plaintiff in *Keene*. Haddon could have had a hearing before the date of demolition but failed to act.

Similar to the facts in *Keene*, the City of Cleveland asserts that Haddon had actual knowledge of the condemnation proceedings from her sister. Cleveland sent Haddon a certified letter that went unclaimed as Haddon failed to update the City of Cleveland that she no longer resided at the subject property and left no forwarding address. The City of Cleveland posted a notice at the subject property like the City of Cincinnati in *Keene*. These attempts were sufficient to satisfy due process and the City of Cleveland is entitled to judgment in its favor.

In fact, Haddon failed to provide a forwarding address and failed to request a hearing after she had notice. She knew the state of the property required remediation and obtained an estimate from a contractor for the repairs. She was aware the house was boarded up after the fire. Thus, Haddon had the opportunity to object but never took advantage of the opportunity.

The City of Cleveland further contends it went further than Cincinnati in attempting to

apprise Haddon of the condemnation action. Not only did it send the certified letter and post notice at the subject property, but Cleveland further made several attempts to contact Haddon to gain consent to inspect the property, including attempting to contact Haddon via phone numbers obtained through "ZABA search" and "Addresses.com," but both numbers were disconnected. Searches of White and Yellow Pages failed to produce any results for Haddon's number. A request for address information from the Cleveland Water Department revealed the water to the property was turned off as of January 17, 2017 and the number the Water Department had for Haddon was disconnected.

Cleveland then obtained a search warrant and determined the house was a hazard, posing a danger to life and health and ordered the house demolished on an emergency basis. In such circumstances notice is not required, yet the City of Cleveland attempted to notice Haddon the day after the inspection. On June 30, 2017, two weeks before demolition, Cleveland sent the emergency demolition notice by certified mail to Haddon's tax mailing address but this was the same address as the subject property and Haddon did not update the address even though she knew that the post office had stopped delivering mail to the subject property after the fire. As the Sixth Circuit in *Keene* wrote, " the law expects at least some diligence from the property owner as well as local officials."

**Obon, Inc. Arguments for Reconsideration**

According to Obon, *Keene* supports the proposition that Obon had authority to enter the property due to condemnation proceedings. In *Keene*, the district court dismissed claims of trespass because the City of Cincinnati provided sufficient notice of condemnation proceedings. Mirroring the arguments made by the City of Cleveland, Obon contends the house was vacant for

an extended period of time after Haddon moved to California and she did not receive the notice prior to demolition due to her own failure to provide new contact information or provide a forwarding address. Also, Haddon cannot reasonably claim lack of knowledge since she admitted she knew of the condemnation action when her sister sent her the scanned notice electronically.

**LAW AND ANALYSIS**

**Reconsideration**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F.App'x 949, 952 (6th Cir.2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S.1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 F.App'x at 959.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)). However, as announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003): "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls ... attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact

9

or law." *Id*. at 634.

**<u>Notice</u>**

In light of *Keene*, the Court finds the notice provided by the City of Cleveland or attempted by the City of Cleveland satisfied due process requirements. The City sent Notice to the last known address of Haddon via certified mail and posted the notice at the property. According to *Keene*, this was reasonable notice. It was only due to Haddon's failure to provide the City with an updated California address, or provide it to the City Auditor's department that she did not receive notice. *Keene* is clear that the City of Cleveland was not obligated to search all branches of the City services for Haddon's address so long as its attempts to locate her were reasonable. Furthermore, *Keene* affirms that actual notice is not required. Finally, the evidence shows Haddon was ultimately provided a copy of the notice by her sister prior to the demolition of her house. Moreover, it is undisputed that the property was vacant for more than six months prior to the fire and Haddon had not lived at the house for some time. Therefore, the Court does find *Keene* requires the Court to modify its prior summary judgment holding and finds that the City of Cleveland did provide constitutionally sufficient Notice.

However, there still persists the question whether the City of Cleveland provided Haddon with a meaningful opportunity to be heard either pre-deprivation or post-deprivation. Pre-deprivation, Haddon had notice that her house was condemned. While the City argues this occurred on May 17 or 18, the record is unclear when the condemnation notice was posted to her house or when her sister electronically sent her the notice. Gilyard's affidavit does not place a date on the posting of the Notice and Haddon could not recall when she received the Notice from her sister. Finally, the Court has not been provided the contents of the posted notice and cannot

say if it provided Haddon an opportunity to appeal or even warned her that the house was subject to demolition. The home was not demolished until July 15, 2017, and the City sent Haddon the Notice of Violation somewhere around June 28-30, 2017, via certified mail. Had Haddon properly updated the City of her new address she would have had two weeks within which she could have appealed the decision to demolish or sought a restraining order. She did not reach out to the City nor did she attempt any legal action.

But there are issues as well with the notice from the City dated June 27, 2017. On one hand, it informed Haddon that she could appeal within thirty days of the notice. It also reads in bold letters "Failure to comply with this letter shall result in the demolition of the building(s)." On page two of the notice it reads: " The dangerous conditions presented by this structure shall be abated demolishing the structure and removing all debris from the premises or correcting the violations set out below..." The notice gives a lengthy description of the violations to be abated and the process by which Haddon had to comply. This process required Haddon to submit plans for approval, obtain necessary permits and board the property. The notice then informs Haddon failure to obtain the necessary permits within thirty days of boarding will result in her house being scheduled for demolition.

On the following page of the notice it informs Haddon that the City intends to demolish the property forthwith if the property is not abated. Confusingly, the notice then gives a compliance date of June 27, 2017, the date the notice was issued. This presents clear concerns as to the time frame given Haddon to attempt to abate or appeal the decision.

Regardless, the City argues the decision to demolish was made under its emergency authority which did not require a pre-deprivation hearing but only requires an adequate post-

deprivation remedy.

Nothing in the City's Ordinances authorizes the Board to grant monetary relief and the City does not argue, nor did the court find, that the Board had the ability to grant monetary relief. See *AMM Peric Property Invest., Inc. V. City of Cleveland,* 2014 WL 888424, 2014-Ohio-821, ¶ 16. But as the dissent stated in *AMM*, a Plaintiff could establish in a post-deprivation hearing that the City acted in violation of his or her due process rights. Such a showing would necessarily result in the City's actions constituting an unlawful taking, which the plaintiff could then file a Writ under Ohio law for recompense. See also generally *Collins v. City of Cleveland,* N.D.Ohio No. 1:11CV221, 2012 WL 5304092 (Oct. 24, 2012); *Babandi v. Allstate Indemn. Ins. Co.*, N.D. Ohio No. 1:07CV329, 2008 U.S. Dist. LEXIS 27222, *13–14, 2008 WL 906116 (March 31, 2008).

Haddon never availed herself of any pre-deprivation hearing nor post-deprivation hearing, but under Ohio law "parties need not pursue their administrative remedies if doing so would be futile or a vain act." *State ex rel. Teamsters Local Union 436 v. Cuyahoga Cty. Bd. of Commrs.,* 132 Ohio St.3d 47 (2012). In *Parratt v. Taylor,* the Court quoted from two earlier opinions the rule that "[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate." 451 U.S. at 540, 101 S.Ct. at 1915.

The City never addresses this issue of adequate post-deprivation remedies squarely and this issue is potentially dispositive of the claims and presents a legal question ripe for ruling. Therefore, the Court will hear oral arguments on this issue. In particular, the Court wants the parties to address the following questions:

1)	Does the City of Cleveland's Codified Ordinances provide adequate post-deprivation remedies under the United States Constitution?

2)	Does the Due Process Clause of the United States Constitution require that the City of Cleveland provide post-deprivation remedies or is Due Process satisfied so long as there is a post-deprivation remedy available to Plaintiff through state law or state courts?

3)	Despite a search of the record, the Court is unable to locate the Notice posted to Haddon's house according to the City, on May 17, 2017 and scanned by Haddon's sister prior to demolition.  Therefore, the Court orders the City to point to its location in the record or provide an authenticated copy of the Notice prior to the hearing.

The Court orders the parties to confer and submit to the Court agreed upon dates for oral arguments, to be held within forty-five days of the date of this Order.

Therefore, for the foregoing reasons, the Court grants, in part, Defendants' Motions for Reconsideration.

	IT IS SO ORDERED.


		 /s/Christopher A. Boyko	
		CHRISTOPHER A. BOYKO
		Senior United States District Judge